UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-153 (ECT/JFD)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) PLEA AGREEMENT AND |
| | ) SENTENCING STIPULATIONS |
| v. | ) |
| GREGORY RONALD ANDERSON, | ) |
| Defendant. | ) |

The United States of America and Defendant Gregory Ronald Anderson agree to resolve this case on the terms and conditions that follow. This plea agreement binds only Mr. Anderson and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. Mr. Anderson agrees to plead guilty to Count 2 of the Indictment, which charges him with fraudulent concealment of bankruptcy assets in violation of Title 18, United States Code, Section 152(1). In return, the United States Attorney's Office for the District of Minnesota agrees not to (i) charge Mr. Anderson with any additional crimes known to it as of the date of Mr. Anderson's change-of-plea hearing, and (ii) charge Mr. Anderson with any money laundering or tax offenses committed and completed as of the date of Mr. Anderson's change-of-plea hearing. The United States also agrees it will move to dismiss Count 1 of the Indictment at the time of sentencing.

2. **Factual Basis**. Mr. Anderson agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

a. From at least 1987 through 2018, Gregory Anderson was a licensed attorney who worked in the State and District of Minnesota. Mr. Anderson's legal practice included bankruptcy. Mr. Anderson was familiar with the process of helping clients declare bankruptcy in federal court.

b. On November 3, 2015, through his legal practice, Mr. Anderson prepared and filed—on behalf of client James Rothers—a voluntary bankruptcy petition under Chapter 7 of Title 11 of the United States Code (the "Petition") with the United States Bankruptcy Court for the District of Minnesota. The Petition sought to discharge approximately $173,591 in Rothers's unsecured indebtedness to various creditors. Upon the filing of the Petition, Mr. Anderson knew that Rothers' assets, wherever located, became property of a "bankruptcy estate" to be used to pay Rothers' creditors.

c. On November 3, 2015, Mr. Anderson filed a set of Rothers' bankruptcy schedules in which Rothers was required to disclose, under penalty of perjury, the full extent and value of all Rothers' assets as of November 3, 2015. Specifically, Rothers was required, in his Schedule B, to disclose the existence and value of "all personal property of the debtor of whatever kind," including all property held for Rothers by banks and third-party depositories.

d. As Rothers' bankruptcy attorney, Mr. Anderson had certification requirements to attest that the Petition filed with the bankruptcy court was true and accurate. Specifically, he expressly certified that he had "no knowledge after an inquiry that the information in the schedules is incorrect."

e. On November 3, 2015, the day Mr. Anderson filed Rothers' Petition, he knew that Rothers controlled two bank accounts in the name of "ABC Bin Company." Mr. Anderson knew that Rothers controlled these accounts and that Rothers used these accounts as he saw fit. In fact, Mr. Anderson helped Rothers open one of these accounts, and received portions of his legal fees from the other account.

f. On or about November 3, 2015, Mr. Anderson knowingly and fraudulently aided and abetted Rothers' concealment of property belonging to the bankruptcy estate from Rothers' creditors and from the United States Trustee. Mr. Anderson did so by filing a Schedule B with the United States Bankruptcy Court for the District of Minnesota in which he knew that Rothers failed to disclose, and thus fraudulently concealed the following assets:

- gold coins Rothers had on deposit in Fargo, North Dakota, with a value of approximately $100,000;

- funds on deposit at an ABC Bin Company bank account at Northwest Bank in Iowa, and funds on deposit at an ABC Bin Company bank account at Citizen's Alliance Bank in Minnesota, which he agrees had an aggregate value of approximately $686,000; and

- liquid receivables, which he agrees were in the form of uncashed checks, amounting to $455,484.25.

Mr. Anderson acknowledges that, by knowingly aiding and abetting Rothers' concealment of these assets in connection with Rothers' bankruptcy case under Title 11, he violated Title 18, United States Code, Section 152(1).

3. **Waiver of Pretrial Motions**. Mr. Anderson understands and agrees that he has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, Mr. Anderson knowingly, willingly, and voluntarily gives up the right to file pre-trial motions in this case.

4. **Statutory Penalties**. The parties agree that Count 2 of the Indictment carries the following statutory penalties:

    a. a maximum of 5 years' imprisonment;

    b. a maximum supervised release term of 3 years;

    c. a maximum fine of $250,000, or twice the gross gain or loss resulting from the offense;

    d. a mandatory special assessment of $100.00; and

    e. payment of mandatory restitution in an amount to be determined by the Court.

5. **Revocation of Supervised Release**. Mr. Anderson understands that if he violates any condition of supervised release, he could be sentenced to an additional term of imprisonment of up to the length of the original supervised release term, subject to the statutory maximum set forth in 18 U.S.C. § 3583.

6. **Guideline Calculations**. The parties acknowledge that Mr. Anderson will be sentenced in accordance with the Sentencing Reform Act, 18 U.S.C. § 3551, et

seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations:

    a.    <u>Base Offense Level</u>. The parties agree that the base offense level is **6** (U.S.S.G. § 2B1.1(a)(2)).

    b.    <u>Specific Offense Characteristics</u>. The parties agree that the offense level should be increased by **10 levels** because the intended loss amount, measured by the amount of debt Mr. Anderson sought to discharge, exceeded $150,000 but was less than $250,000. (U.S.S.G. § 2B1.1(b)(1)(F)).

           The parties further agree that the offense level should be increased by **2 levels** because the offense involved a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding. (U.S.S.G. § 2B1.1(b)(9)(B)). The parties agree that no other specific offense characteristics apply.

    c.    <u>Chapter 3 Adjustments.</u> The parties agree that the offense level should be increased by **2 levels** because Mr. Anderson abused a position of private trust that significantly facilitated the commission or concealment of the offense. (U.S.S.G. § 3B1.3).

    d.    <u>Acceptance of Responsibility</u>. The United States agrees to recommend that Mr. Anderson receive a **3-level** reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, Mr. Anderson understands and agrees that this recommendation is conditioned upon the following: (i) Mr. Anderson testifies truthfully during the change of plea and sentencing hearings, (ii) he cooperates with the Probation Office in the preparation of the Presentence Report, and (iii) he commits no further acts inconsistent with acceptance of responsibility. (U.S.S.G. § 3E1.1). The parties agree that no other Chapter 3 adjustments apply.

    e.    <u>Criminal History Category</u>. Based on information available at this time, the parties believe that Mr. Anderson's criminal history

        category is **I**. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Mr. Anderson's actual criminal history and related status (which might impact his guidelines range) will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.

    f.    <u>Guideline Range</u>. If the total offense level is **17** (6+10+2+2-3) and Mr. Anderson's criminal history category is **I**, the Sentencing Guidelines range is **24 to 30 months** of imprisonment.

    g.    <u>Fine Range</u>. If the total offense level is 17, the fine range is $10,000 to $95,000. (U.S.S.G. § 5E1.2(c)(3)).

    h.    <u>Supervised Release</u>. The Sentencing Guidelines for the offense of conviction, a Class D felony, advise a term of supervised release of at least one year but not more than three years of supervised release. (U.S.S.G. § 5D1.2(a)(2)).

    i.    <u>Sentencing Recommendation and Departures</u>. The parties agree that certain aspects of Mr. Anderson's offense conduct may not be fully reflected in the applicable Guidelines range. The parties disagree on whether these circumstances are mitigating or aggravating in nature. The parties agree, however, that Mr. Anderson's willingness to be voluntarily disbarred as a condition of this plea agreement is a mitigating circumstance not accounted for in the applicable Guidelines range. Ultimately, on balance, the parties disagree about whether the totality of these circumstances warrant a sentence below or at the low-end of the applicable Guidelines range.

        Mr. Anderson reserves the right to move the Court to depart or vary below the guidelines range. The government will in no event request a sentence above the guidelines range.

7.    **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guideline factors and the applicable criminal history category. The Court

6

may also depart from the applicable Sentencing Guidelines range. If the Court determines that the applicable Guidelines calculations or Mr. Anderson's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and Mr. Anderson will be sentenced pursuant to the Court's determinations.

8. **Special Assessment**. The Sentencing Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which Mr. Anderson is convicted. U.S.S.G. § 5E1.3. Mr. Anderson agrees to pay the $100 special assessment at or before sentencing.

9. **Restitution**. Mr. Anderson understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies to the offense of conviction, and that the Court is required to order him to make restitution to the "victims" of his crime. However, this case involves intended loss, not actual loss. The parties thus believe that there are no "victims" of the offense of conviction within the meaning of 18 USC § 3663A(a)(2), and that restitution will not apply to this case.

10. **Waivers of Appeal and Collateral Attack**. Mr. Anderson understands that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed in this case. Acknowledging this right, Mr. Anderson hereby waives all defenses and his right to appeal any non-jurisdictional issues, including, but not limited to, the constitutionality of the statutes to which he is pleading guilty and whether his admitted conduct falls within the scope of those statutes. The parties agree, however, that excluded from this waiver is Mr. Anderson's right to appeal a

term of imprisonment that exceeds 30 months. In addition, Mr. Anderson has been advised of his right to file a petition under 28 U.S.C. § 2255, and expressly waives the right to file such a petition, except for reserving the right to raise a claim of ineffective assistance of counsel in such a petition. The parties further acknowledge that if a retroactively applicable change in the law is adjudicated by the Supreme Court, enacted by Congress, or adopted by the United States Sentencing Commission, nothing in this agreement will preclude Mr. Anderson from pursuing any applicable remedy to modify his sentence. Mr. Anderson understands the rights being waived, and he waives these rights knowingly, willingly, and voluntarily. In exchange, the United States waives its right to seek appellate review of any sentence, unless the imposed sentence is less than 24 months' imprisonment.

11. **Agreement of Voluntary Disbarment.** Because of this felony conviction, Mr. Anderson agrees that he should be disbarred. Mr. Anderson agrees to cooperate with the Minnesota Office of Professional Responsibility to complete all required steps to stipulate to his voluntary disbarment.

12. **Freedom of Information Act Waiver**. Mr. Anderson waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

13. **Complete Agreement**. This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and Mr. Anderson.

ANDREW M. LUGER
United States Attorney

Date: 8/8/2022

BY: DAVID J. MACLAUGHLIN
JORDAN L. SING
Assistant United States Attorneys

Date: 8/8/2022

GREGORY RONALD ANDERSON
Defendant

Date: 6 Aug 2022

ANDREW MOHRING
Counsel for Defendant